Barnard, P. J.
No actionable fact is averred in the •complaint. The general committee had power to disband any town association which acted in hostility to it. .Under this provision and according to the forms provided by the •constitution of the general committee, it disbanded Graves-end and ordered a new enrollment of voters. So far no ■complaint can be made.
Under the new enrollment an election was had, and at this election the plaintiff was elected a delegate to the committee. The defendant association refused to receive him. Having disbanded the town for hostility to the purposes of the organization, and the new election having resulted in the return of the objectionable person, it was competent for •the committee, by a majority vote, to refuse to receive the •same person who had been ousted by the regular proceedings for the disbandment of his town. To go through another process of disbandment, another enrollment and election and with the same result, would be without any useful purpose. The object sought to be obtained was the *464 organization of the town by persons in harmony with the Democratic party, and if a town failed to elect such a person, the committee could lawfully refuse to accept the delegate proposed to be sent by the town as a delegate.
The rights of the plaintiff are but such as will give him an action fbr restoration, even if he was improperly refused1 admission to the general committee.
A political oi’ganization must have as members those-who favor' the common cause. If an enemy be elected to it as a delegate, the general body, may act without the observance of the strict forms governing such cases in courts of justice, and refuse to receive him. The courts cannot aid him. The question must be determined between the town and the committee.
There must be judgment for the defendant on the demurrer, with costs.
J ndgment accordingly. .